# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JASVINDER JOHAR<br>*Plaintiff*, | § § § | |
| V. | § § | CIVIL ACTION NO. 4:21-cv-4166 |
| ROSS DRESS FOR LESS, INC.<br>*Defendant.* | § § § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Jasvinder Johar, who files this Original Complaint against Defendant Ross Dress for Less, Inc., and for cause of action, respectfully shows this Court the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

2. Venue is proper in this district because this district is where the events giving rise to this lawsuit occurred.

## PARTIES

3. Plaintiff Jasvinder Johar is an individual residing in Texas.

4. Defendant Ross Dress for Less, Inc. is a foreign corporation doing business in Texas. Defendant may be served through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

# FACTUAL BACKGROUND

5. Defendant Ross Dress for Less operates a chain of discount department stores throughout the United States.

6. On or about November 16, 2021, Plaintiff went to Defendant's store located at or by 4645 Farm to Market 1960 Rd. W., Houston, TX 77069.

7. Defendant owns and operates the property, which is known as "Ross Dress for Less."

8. Plaintiff went into the store to try on and purchase clothing. Plaintiff was trying on clothing in one of Defendant's fitting rooms.

9. Afterwards, on the way out of the fitting room area, Plaintiff slipped on an article of clothing, with a security tag, on the floor. Defendant had failed to ensure tripping and/or slipping hazards were not in area where customers would be walking out of the fitting rooms. Due to this, Plaintiff suffered serious injuries to her person, including a left knee fracture.

10. An ambulance transported Plaintiff to the hospital, where she had to undergo an emergency knee surgery.

11. Defendant's stores are outfitted with an abundance of surveillance cameras, as well as personnel, including managers and store associates responsible for keeping the floor clear, ensuring products are not on the ground, keeping the store organized, and checking people in and out of the fitting room area.

12. Defendant's personnel are selected and put in place by management. Defendant is aware of the well-trafficked areas of its stores, and as such, maintains

personnel throughout. Defendant failed, however, to properly train its personnel at this store on proper procedures.

13. Defendant failed to ensure it implemented proper policies and procedures at its stores.

14. Defendant's actions were a proximate cause of Plaintiff's injuries. Had it not been for Defendant's actions and inaction, Plaintiff would not have been injured.

15. Plaintiff has undergone extensive treatment and procedures, and will continue to do so in the future.

16. Due to the injuries sustained, Plaintiff is entitled to the recovery of damages.

## CAUSES OF ACTION

## NEGLIGENCE

17. Plaintiff re-alleges each aforementioned allegation as if it is fully incorporated below.

18. Defendant owed a duty of reasonable care of Plaintiff. Defendant breached this duty in several ways, including, but not limited to, the following:

  a) Failing to exercise reasonable care;
  b) Failing to take proper measures to protect customers;
  c) Failing to properly screen, hire and train employees;
  d) Failing to properly supervise and monitor the fitting room area; and
  e) Failing to ensure policies and procedures were implemented, enforced, and/or followed.

## AGENCY, RESPONDEAT SUPERIOR, VICARIOUS LIABILITY

19. Plaintiff re-alleges each aforementioned allegation as if it is fully incorporated below.

20. Defendant's employees and personnel were conducting work for, and are agents and/or servants of Defendant.

21. Defendant is responsible for the conduct of its employees and agents due to the relationship that existed, among other acts and omissions.

## PREMISES LIABILITY

22. Plaintiff was an invitee in Defendant's store.

23. Defendant had knowledge, either actual or constructive, of the condition on the premises. Defendant had personnel in and was monitoring the area where the incident occurred. Defendant failed to exercise reasonable care in cleaning the area and preventing tripping and/or slipping hazards in an area where customers, including Plaintiff, would be walking through.

## GROSS NEGLIGENCE

24. Plaintiff re-alleges each aforementioned allegation as if it is fully incorporated below.

25. Plaintiff will further show that the acts and/or omissions of Defendant, when viewed objectively from Defendant's standpoint, involve an extreme risk considering the probability and magnitude of the potential harm to others. Defendant had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

## PRESERVATION NOTICE

26.     Plaintiff hereby requests and demands that Defendant and its agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to: the surveillance footage from the date of the incident; any other relevant surveillance footage; photographs; audiotapes; business records; memoranda; files; facsimiles; e-mails; voicemails; text messages; investigation reports; incident reports; and any other electronic image, data or information related to the referenced incident. Failure to maintain such items will constitute a "spoliation" of the evidence.

## JURY DEMAND

27.     Plaintiff demands a jury trial and hereby tenders the jury fee.

## DAMAGES

28.     Plaintiff seeks damages for: physical pain and suffering in the past and future; mental anguish in the past and future; physical impairment and disfigurement in the past and future; medical expenses in the past and future; loss of earning capacity in the past and future; loss of household services in the past and future; costs of suit; and pre-judgment and post-judgment interest at the appropriate rate allowed by law.

## PRAYER

29.     For these reasons, Plaintiff asks that Defendant be cited to appear and answer this suit. Plaintiff prays she recovers judgment from Defendant for damages, in an amount between $250,000 and $1,000,000. Plaintiff prays for any and all other relief to which she may be justly entitled.

Respectfully,

**DALY & BLACK, P.C.**

*/s/ Andrew Dao*
Andrew Dao
Federal I.D. No. 2368172
Texas Bar No. 24082895
Ajay Ketkar
Federal I.D. No. 3545468
State Bar No. 24102801
Norfolk St., Ste. 800
Houston, Texas 77098
(713) 655-1405
(713) 655-1587 (fax)
adao@dalyblack.com
aketkar@dalyblack.com
ecfs@dalyblack.com (service)

*and*

**THE LAW OFFICE OF BILAAL BADAT, PLLC**

*/s/ Bilaal Badat*
Bilaal Badat
Texas Bar No. 24096010
Bilaalbadat.law@outlook.com
4151 Southwest Freeway, Suite 320
Houston, Texas 77027
Telephone: (713) 689-9805

**ATTORNEYS FOR PLAINTIFF**